IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA GALLEGOS, ) | 1:13-CV-608 AWI MJS |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER ON DEFENDANTS' |
| ) | MOTIONS TO DISMISS |
| WELLS FARGO BANK, N.A., et al., ) | |
| ) | |
| Defendants. ) | (Doc. Nos. 6, 8) |
| _____ ) | |

This is a mortgage/deed of trust case brought by Plaintiff Blanca Gallegos ("Gallegos"). This matter was removed from the Merced County Superior Court. The active complaint is the First Amended Complaint ("FAC"). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a motion to dismiss all claims alleged against it. Gallegos filed no opposition or response of any kind. For the reasons that follow, the motion to dismiss will be granted.

**FACTUAL BACKGROUND**

From the FAC and the Wells Fargo's Request for Judicial Notice ("RJN"),[1] in December 2005, Gallegos obtained a loan in the amount of $364,000 from World Savings Bank, FSB ("World Savings"). See RJN Ex. B. The promissory note for the loan was secured by a written deed of trust on real property located at 710 Cabernet Street, Los Banos, California. See id. The deed of trust identified World Savings as the beneficiary and Golden West Savings Association Service Co. as the trustee. See id.

---

[1] Wells Fargo requests that the Court take judicial notice of various documents, including documents recorded in the Merced County Recorder's Office, documents from the Office of Thrift Supervision, and documents from other courts. Gallegos filed no opposition. See Doc. No. 7. The Court will grant the RJN. See Fed. R. Evid. 201; Carswell v. JPMorgan Chase Bank, N.A., 500 Fed. Appx. 580, 583 (9th Cir. Nov. 21, 2012); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Allen v. United Fin. Mortg. Corp., 660 F.Supp.2d 1089, 1093-94 (N.D. Cal. 2009).

World Savings changed its name to Wachovia Mortgage, FSB in January 2008.  See RJN Ex. A.  Wachovia Mortgage, FSB subsequently changed its name to Wells Fargo Bank Southwest, N.A., before merging with Wells Fargo in November 2009.  See id.

On October 5, 2012, Wells Fargo recorded a Notice of Default in the Merced County Recorder's Office.  See RJN Ex. C.  The Notice stated that Gallegos was $5,706.92 in arrears.  See id.

On January 8, 2013, Wells Fargo recorded a Notice of Trustee's Sale in the Merced County Recorder's Office.  See RJN Ex. D.  The Notice of Trustee's Sale identified the full amount owing on the loan as $314,090.71.  See id.

On March 1, 2013, Gallegos filed suit in the Merced County Superior Court.  See Doc. No. 1.

On April 25, 2013, Wells Fargo removed the case to this Court.  See id.

## RULE 12(b)(6) FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121.  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

**WELLS FARGO'S MOTION**

**1.     First Cause of Action – Fraudulent Misrepresentation**

*Basis of Claim*

This cause of action is based on the allegation that Defendants have misrepresented that they have the right to payment under the note and that they can conduct a non-judicial foreclosure sale. The FAC alleges that Defendants do not have possession of the note, are not entitled to payment on the note, and are not entitled to foreclose due to violations of the Uniform Commercial Code regarding transfer of securities.

*Defendant's Argument*

Wells Fargo make numerous arguments against this cause of action, including that the RJN establishes Wells Fargo's authority to foreclose.

*Discussion*

The Court agrees that dismissal of this cause of action is appropriate for many reasons. However, the Court will dispose of this claim by reference to the RJN. The RJN exhibits establish that, pursuant to the name changes and mergers, Wells Fargo succeeded the original lender World Savings, and now is the beneficiary under the deed of trust. See RJN Exs. A, B, C. There are no transfers of the loan or deed of trust apparent. Therefore, as the beneficiary and lender, Wells Fargo has the authority to demand payment and to foreclose on the property. See Armstrong v. Chevy Chase Bank, FSB, 2012 U.S. Dist. LEXIS 144125, *14 (N.D. Cal. Oct. 3, 2012); Cuaresma v. Duetsche Bank Nat'l Co., 2011 U.S. Dist. LEXIS 116507, *10-*11 (N.D. Cal. Oct. 7, 2011); Tiqui v. First Nat'l Bank of AZ, 2010 U.S. Dist. LEXIS 33326, *16 (S.D. Cal. Apr. 5, 2010). Since the judicially noticed documents show that Wells Fargo has this authority, there is no misrepresentation. Dismissal of this claim without leave to amend is appropriate.[2]

## 2.  Second Cause of Action – Fraudulent Inducement

*Basis of Claim*

This cause of action is based on the alleged failure by Defendants to verify Gallegos's ability to repay the loan.[3]

---

[2] Additionally, it is well established that possession of the note is not required to conduct a non-judicial foreclosure sale in California. See Gardner v. American Home Mortg. Servicing, Inc., 691 F.Supp.2d 1192, 1202 (E.D. Cal. 2010); Shuster v. BAC Home Loans Servicing, LP, 211 Cal.App.4th 505, 511 (2012); Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal.App.4th 433, 440-41 (2012). It is also well established that foreclosure is governed by California Civil Code § 2924 et seq., not the Uniform Commercial Code or the California Commercial Code. See Rieger v. Wells Fargo Bank, 2013 U.S. Dist. LEXIS 58232, *14-*15 (N.D. Cal. Arp. 23, 2013); Gardner, 691 F.Supp.2d at 1202; Debrunner, 204 Cal.App.4th at 441. To the extent that Gallegos relies on the UCC or "possession of the note," no claim is stated.

[3] The second cause of action is unclear. Wells Fargo argues that this cause of action is based on the failure to verify Gallegos's ability to repay the loan. See Doc. No. 6 at 12:6-8. Gallegos has failed to respond to or challenge this interpretation. Because this interpretation appears reasonable and Gallegos has not responded, the Court will read the second cause of action as based on a failure to verify Gallegos's ability to repay the loan. See Cortez v. New Century Mortg. Corp., 2012 U.S. Dist. LEXIS 13469, *12 n.3 (N.D. Cal. Feb. 3, 2012) (holding the failure to respond to an argument about the nature of a claim was a concession of the defendant's characterization of that claim); In re Fresh & Process Potatoes Antitrust Litig., 834 F.Supp.2d 1141, 1169 (D. Idaho 2011) (same).

4

*Defendant's Argument*

Wells Fargo argues *inter alia* that this cause of action is time barred, fails to meet the Rule 9(b) pleading standard, and there was no duty to verify Gallegos's ability to repay the loan.

*Discussion*

The Court agrees with Wells Fargo's arguments.

First, all claims that are grounded in fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  See Fed. R. Civ. P. 9(b); Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009).  To meet this standard, a plaintiff must plead the who, what, when, where, and how of the fraud, explain what makes the misrepresentations false, and explain each defendant's role in the fraud.  See Swartz v. KPMG, LLP, 476 F.3d 756, 764-65 (9th Cir. 2007); Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  Here, the FAC does not plead the who, what, when, where or how of the fraud, and thus does not pass Rule 9(b).

Second, the statute of limitations in California for claims based on fraud is three years. See Cal. Code Civ. P. § 338(d); Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1054 (9th Cir. 2008); Hatch v. Collins, 225 Cal.App.3d 1104, 1110 (1990).  The fraudulent conduct identified in the FAC would have occurred at the latest in December 2005 when the loan was made.  This means that Gallegos had until December 2008 to file a lawsuit.  However, this lawsuit was not filed until March 2013, which is well beyond the limitations period.

Finally, under California law, a "lender is under no duty to determine the borrower's ability to repay the loan" because the "lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."  Perlas v. GMAC Mortgage, LLC, 187 Cal.App.4th 429, 436 (2010).  Thus, Gallegos cannot bring a state law fraud claim based on the failure of Defendants to verify her ability to repay the loan.  See Bonyadi v. Citimortgage Bank, 2013 U.S. Dist. LEXIS 33302, *8-*13 (C.D. Cal. Mar. 8, 2013); Davidson v. Countrywide Home Loans, Inc., 2011 U.S. Dist. LEXIS 33404, *15-*16 (S.D. Cal. Mar. 29, 2011); Perlas, 187 Cal.App.4th at 436.

In the absence of an opposition that addresses the reasoning of *Perlas*, it is unknown how amendment could cure the deficiencies.  Dismissal of this claim will be without leave to amend.

**3.    Third Cause of Action – Fair Debt Collections Practices Act (state & federal)**

*Basis of Claim*

This cause of action is based on two failures by Defendants: the failure to allegedly verify Gallegos's debt and the failure to respond to written inquiries about the debt after Defendants sent Gallegos a Notice of Default, i.e. after the foreclosure proceedings had been initiated. The FAC alleges that the failure to verify Gallegos's debt violated California Civil Code § 1788 (the Rosenthal Fair Debt Collections Practices Act ("RFDCPA")), and 15 U.S.C. § 1692 (the federal Fair Debt Collections Practices Act ("FDCPA")).

*Defendant's Argument*

Wells Fargo argues that this claim fails because *inter alia* Wells Fargo is not a debt collector and foreclosing on a deed of trust is not debt collecting.

*Discussion*

The Court agrees with Wells Fargo.

First, only "debt collectors" may be liable under the FDCPA and the RFDCPA. See Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1198-99 (C.D. Cal. 2008). The FAC fatally fails to allege that any defendant is a debt collector. See Camillo v. Washington Mut. Bank, F.A., 2009 U.S. Dist. LEXIS 100077, *28 (E.D. Cal. Oct. 26, 2009). Further, the term "debt collector" under the FDCPA does not include creditors, mortgage beneficiaries and servicers, or assignees of a debt. See Anderson v. U.S. Bank Nat'l Ass'n, 2013 U.S. Dist. LEXIS 53999, *7-*10 (S.D. Cal. Apr. 15, 2013); Wise v. Wells Fargo, 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012); Cuaresma, 2011 U.S. Dist. LEXIS 116507 at *13. Because Wells Fargo owns the loan through the above described name changes and mergers, it is a creditor/originator of Gallegos's debt and is not a "debt collector." See Esquivel v. Bank of Am., N.A., 2013 U.S. Dist. LEXIS 24152, *5-*7 (E.D. Cal. Feb. 21, 2013); Casas v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 165995, *11 (N.D. Cal. Nov. 20, 2012). Second, to be liable under both the RFDCPA and the FDCPA, a "debt collector" must engage in debt collection activities. See Izenberg, 589 F.Supp.2d at 1199. However, under both the RFDCPA and the FDCPA, foreclosing on a deed of trust does not constitute "debt collection." Altman v. PNC Mortg., 850 F.Supp.2d 1057, 1971 (E.D. Cal.

2012); Rosal v. First Fidelity Bank of CA, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009); Izenberg, 589 F.Supp.2d at 1199.  Sending Gallegos the Notice of Default and proceeding with the foreclosure proceedings that are outlined in California Civil Code § 2924 et seq. does not constitute "debt collection."

There is no way for the above deficiencies to be cured through amendment.  Therefore, dismissal of this claim without leave to amend is appropriate.  See Esquivel, 2013 U.S. Dist. LEXIS 24152 at *6-*7; Casas v. Wells Fargo Bank N.A., 2012 U.S. Dist. LEXIS 165995, *12 (N.D. Cal. Nov. 20, 2012).

### 4. Fourth Cause of Action – Predatory Lending Practices

*Basis of Claim*

This cause of action is based on alleged violations of 15 U.S.C. § 1637 (the Home Ownership Equity Protection Act ("HOEPA")), 15 U.S.C. § 1601 (the Truth In Lending Act ("TILA")), 12 C.F.R. § 226 (Regulation Z), and California Business and Professions Code § 17200 (the Unfair Competition Law ("UCL")).  Specifically, the FAC alleges that Defendants failed to verify/validate Gallegos's ability to repay the loan, and violated HOEPA § 1639(h) by lowering their underwriting standards so as to financially overburden Gallegos with a loan that she could not repay.  Damages and rescission are requested under this cause of action.

*Defendant's Arguments*

Wells Fargo argues that dismissal of this claim is appropriate for three reasons:  HOEPA does not apply to Gallegos's loan, both the HOEPA and TILA claims are time barred, and the UCL claim is preempted by 12 U.S.C. § 1461 (the Home Owners' Loan Act ("HOLA")).

*Discussion*

With respect to Gallegos's UCL theory, this claim appears to be based on a violation of TILA, HOEPA, and/or a duty to determine whether Gallegos had the ability to repay the loan.  HOLA preempts the entire field of lending regulations for federal savings associations.  Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008).  The conduct identified under this cause of action occurred at the time the loan was made, and therefore would have been performed by World Savings.  It is recognized that, because HOLA applied to World Savings,

7

HOLA also applies to the loans currently owned by Wells Fargo that originated from World Savings. See Osorio v. Wachovia Mortg., FSB, 2012 U.S Dist. LEXIS 64600, *7 (S.D. Cal. May 8, 2012); Valtierra v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 18669, *11-*12 (E.D. Cal. Feb. 8, 2011); Appling v. Wachovia Mortg., FSB, 745 F.Supp.2d 961, 971 (N.D. Cal. 2010). As applied to Gallegos's UCL claim, courts have found that HOLA preempts UCL claims that are based on TILA violations or that are couched in terms of verifying or disclosing an ability repay the loan. See Silvas, 514 F.3d at 1005; Casas, 2012 U.S. Dist. LEXIS 165995 at *2,*8-*9; Valtierra, 2011 U.S. Dist. LEXIS 18669 at *14-*16; Lee v. U.S. Bank, 2010 U.S. Dist. LEXIS 66182, *25-*27 (N.D. Cal. June 30, 2010); Camacho v. Wachovia Mortgage, FSB, 2009 U.S. Dist. LEXIS 102243, *12-*13 (S.D. Cal. Nov. 3, 2009). In the absence of an opposition, the Court concludes that Gallegos's UCL claim is preempted by HOLA. Therefore, dismissal of the UCL theory without leave to amend is appropriate. See Casas, 2012 U.S. Dist. LEXIS 165995 at *9; Lee, 2010 U.S. Dist. LEXIS 66182 at *35; Camacho, 2009 U.S. Dist. LEXIS 102243 at *13 .

     With respect to Plaintiffs' TILA claim, there are problems. First, TILA requires that certain disclosures be made to a borrower before consummation of the loan. See Tilley v. Ampro Mortg., 2011 U.S. Dist. LEXIS 136096, *10 (E.D. Cal. Nov. 23, 2011). However, the FAC does not identify which required TILA disclosure were not given. Second, TILA provides for two limitation periods, depending upon the relief sought. For claims that seek rescission of a loan, there is a 3 year limitations period, and for claims that seek affirmative/monetary damages, there is a 1 year limitations period. See 15 U.S.C. §§ 1635(f), 1640(a); McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1327-28 (9th Cir. 2012); King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Both limitation periods generally begin to run at the time the loan documents are signed. See 15 U.S.C. §§ 1635(f), 1640(a); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). The 1 year limitations period for damages is subject to equitable tolling. See King, 784 F.2d at 915. The 3 year limitations period is a statute of repose; it is absolute and not subject to tolling. McOmie-Gray, 667 F.3d at 1329-30. Here, Gallegos signed the loan documents in December 2005. Because she did not file this lawsuit until March 2013, Gallegos is absolutely barred from seeking rescission. See McOmie-Gray, 667 F.3d at 1329-30. Gallegos

is also in violation of the 1 year limitations period.  However, the Court cannot tell if tolling may apply to this claim.  The Court will dismiss the rescission claim without leave to amend, but will dismiss the damages claim with leave to amend in order for Gallegos to identify which specific provisions of TILA were violated and to allege facts that plausibly show Gallegos's entitlement to tolling.[4]

With respect to HOEPA, there are significant deficiencies.  First, the FAC does not show that Gallegos's loan fits within the purview of HOEPA.  HOEPA applies either when a loan's annual percentage rate at consummation exceeds by more than 10 percent the applicable yield on treasury securities, or when the total points and fees payable by the consumer exceed 8 percent of the total loan amount, or $400, whichever is greater.  15 U.S.C. § 1602(aa); Caruso v. FNB Bancorp, 2012 U.S. Dist. LEXIS 183248, *12 (N.D. Cal. Dec. 20, 2012); Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1178 (E.D. Cal. 2010).  There are no allegations in the FAC that meet either of these criteria.  Further, HOEPA does not apply to "residential mortgage transactions," which includes "a transaction in which a . . . deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  15 U.S.C. § 1602(x); Yulaeva v. Greenpoint Mortg. Funding, Inc., 2010 U.S. Dist. LEXIS 137988, *11 (E.D. Cal. Dec. 20, 2010); see also Valle v. JP Morgan Chase Bank, N.A., 2012 U.S. Dist. LEXIS 50908, *18-*19 (S.D. Cal. Apr. 11, 2012); Cross v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 141944, *20-*21 (C.D. Cal. Dec. 9, 2011).  The FAC does not indicate whether the loan in question was used to purchase Gallegos's dwelling.  If the loan was to purchase Gallegos's dwelling, then there is no HOEPA violation.  See Cross, 2011 U.S. Dist. LEXIS 141944 at *21; Yulaeva, 2010 U.S. Dist. LEXIS 137988 at *11.  Second, HOEPA is subject to the same limitation periods as TILA, i.e. an absolute 3 year limitations period for rescission claims and a 1 year limitations period for damages claims.  See Cuaresma, 2011 U.S. Dist. LEXIS 116507 at *17; Kanady v. GMAC Mortg., LLC, 2010 U.S. Dist. LEXIS 108945,

---

[4] Equitable tolling is applied in situations where, "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of a claim."  Cervantes v. Countrwide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011).  Equitable tolling may also apply when the defendant induces or tricks the plaintiff into allowing the filing deadline to pass.  O'Donnell v. Vencor Inc., 466 F.3d 1104, 1112 (9th Cir. 2006).  Tolling may also be possible due to fraudulent concealment by a defendant.  See King, 784 F.2d at 915.

9

*25-*26 (E.D. Cal. Oct. 12, 2010); Hamilton, 746 F.Supp.2d at 1179.  Therefore, the same limitations period analysis that applied to the TILA theory also applies to the HOEPA theory.  In light of the above, the Court will dismiss the HOEPA claim for rescission without leave to amend.  The Court will dismiss the HOEPA damages claim with leave to amend in order for Gallegos to plead factual allegations that show HOEPA applies to her loan and that she is entitled to tolling.[5]  See Valle, 2012 U.S. Dist. LEXIS 50908 at *31.

Finally, with respect to Regulation Z, the FAC improperly does not identify which provisions of that regulation were violated.  See Belle v. Chase Home Fin. LLC, 2007 U.S. Dist. LEXIS 37199, *13 (S.D. Cal. May 22, 2007).  Further, because of Regulation Z's derivative nature, it is subject to the same statute of limitations as TILA.  See Cuaresma, 2011 U.S. Dist. LEXIS 116507 at *17-*18; Chourp v. Ocwen Loan Servicing, LLC, 2011 U.S. Dist. LEXIS 44044, *6 (S.D. Cal. Apr. 22, 2011); Sanchez v. American Brokers Conduit, 2011 U.S. Dist. LEXIS 4150, *9-*10 n.3 (C.D. Cal. Jan. 14, 2011).  For the same reasons discussed above, any rescission claim will be dismissed without leave to amend, and any damages claim will be dismissed with leave to amend in order for Gallegos to identify which specific provisions of Regulation Z were violated and to establish tolling of the 1 year limitations period.

**5.    Fifth Cause of Action – Breach of Contract, Trust, & Fiduciary Duty**

*Basis of Claim*

This cause of action is based on a refusal by Defendants to permit Gallegos to view the original promissory note and by continuing to act as parties to the trust.

*Defendant's Argument*

Wells Fargo argues that this claim is defective because the FAC does not identify any contractual provision that requires production of the original promissory note.  Further, as a bank lender, Wells Fargo argues that it owes no fiduciary duty to Gallegos.

*Discussion*

The elements of a breach of contract cause of action under California law are:  (1) the

---

[5] Wells Fargo argued that this loan was a "residential mortgage transaction" under 15 U.S.C. § 1602(x). As part of an amended complaint, Gallegos shall include allegations that clarify whether this loan was a "residential mortgage transaction."

10

existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). Here, the FAC alleges none of these causes of action. In particular, the FAC identifies no contractual provision (including any section of the deed of trust) that requires production of the original note to Gallegos.

Additionally, there is generally no fiduciary relationship between a debtor and a creditor, including a lender and a borrower in the course of ordinary banking transactions and loans. See Garcia v. American Home Mortg. Servicing, 2011 U.S. Dist. LEXIS 142039, *21-*22 (N.D. Cal. Dec. 9, 2011); Oaks Mgmt. Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989). No special circumstances are alleged in the FAC that might indicate that a fiduciary duty exists in this case. To the extent that Gallegos is relying on the deed of trust, the trustee of a deed of trust does not owe fiduciary duties to the trustor. See Garcia, 2011 U.S. Dist. LEXIS 142039 at *21-*22; Kachlon v. Markowitz, 168 Cal.App.4th 316, 335 (2008). Without a fiduciary relationship, there can be no fiduciary duty to breach. See Rosal, 671 F.Supp.2d at 1129; Pellegrini v. Weiss, 165 Cal.App.4th 515, 524 (2008) (elements of a breach of fiduciary claim requires the existence of a fiduciary duty).

It is not clear to the Court that these deficiencies cannot be cured through amendment. Accordingly, dismissal of this cause of action will be with leave to amend.

**6.     Sixth Cause of Action – 18 U.S.C. § 1962 ("RICO")**

*Basis of Claim*

This cause of action is based on a pattern and practice of Defendants to obtain title to properties without compliance with statutory and common law requirements, including Article III of the Uniform Commercial Code.

*Defendant's Argument*

Wells Fargo argues that the FAC does not adequately allege a RICO claim because there is no allegation that a RICO enterprise exists and there are no allegations of racketeering activity. This was a standard loan transaction, and nothing more. Also, there are no allegations that show Wells Fargo's conduct was the but for and proximate cause of a concrete financial injury.

*Discussion*

The elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity; (5) causing injury to plaintiff's business or property. Living Designs, Inc. v. E.I. Dupon de Nemours and Co., 431 F.3d 353, 361 (9th Cir. 2005). An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); Odom v. Microsoft Corp., 486 F.3d 541, 548 (9th Cir. 2007). A "pattern" is at least two acts of "racketeering activity." 18 U.S.C. § 1961(5). "Racketeering activity" is "any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010). The "pattern of racketeering activity" is something that is done by the "enterprise," and thus, the "enterprise" and the "pattern of racketeering activity" are separate and apart from one another. Odom, 486 F.3d at 549. "[A]n injury is compensable under RICO if the injury constitutes harm to a specific business or property interest and if the alleged business or property interest is cognizable under state law." Newcal Indus. v. Ikon Office Solution, 513 F.3d 1038, 1055 (9th Cir. 2008).

Here, Wells Fargo is correct. The FAC contains nothing but legal conclusions. There are no factual allegations that plausibly support any of the elements of a RICO claim. There is nothing to suggest that this case is anything but a typical loan and non-judicial foreclosure action, which would not implicate RICO. However, because the Court cannot determine that amendment would be futile, this cause of action will be dismissed with leave to amend.[6] See Casas, 2012 U.S. Dist. LEXIS 165995 at *15; Garcia, 2011 U.S. Dist. LEXIS 142039 at *22-*26.

---

[6] It appears that the FAC may be attempting to allege mail fraud, which can constitute RICO racketeering activity. See 18 U.S.C. § 1961(1). "Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." Sanford, 625 F.3d at 557. However, the FAC does not meet Rule 9(b)'s heightened pleading standards, which apply to RICO fraud claims. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). Although the United States mail is referred to generally in the FAC, no specific mailings are identified and there is no description of the false contents of those mailings. See Sanford, 625 F.3d at 558 ("However, because the Smiths failed to allege any specific mailings, they once again failed to satisfy Rule 9(b)'s particularity requirement.").

### **7.** **Seventh Cause of Action – Quiet Title**

*Basis of Claim*

The FAC alleges that Gallegos is the owner of the subject property and that some of the Defendants hold themselves out as entitled to fee simple ownership of the property through non-judicial foreclosure. The FAC alleges that Defendants have no right to title or estate, and a declaration to quiet title as of February 27, 2013 is sought.

*Defendant's Argument*

Wells Fargo argues that this claim fails because Gallegos's ownership interest is not described, the property is not adequately described, and the specific claims of title to the property are not identified. Further, the FAC does not plead tender of the outstanding indebtedness.

*Discussion*

Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. See Cal. Code Civ. Pro. § 761.020; Kimball v. Flagstar Bank F.S.B., 881 F.Supp.2d 1209, 1220 (S.D. Cal. 2012); Hamilton, 746 F.Supp.2d at 1177-78; Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 975-76 (N.D. Cal. 2010). "A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e. that they have satisfied their obligations under the deed of trust." Rosenfeld, 732 F.Supp.2d at 976. A "mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." Kimball, 881 F.Supp.2d at 1220; Hamilton, 746 F.Supp.2d at 1177-78; Rosenfeld, 732 F.Supp.2d at 976; Shimpones v. Stickney, 219 Cal. 637, 649 (1934).

Here, the Court disagrees that the property is not adequately identified. The FAC and the RJN establish that the property at issue is 710 Cabernet Street, Los Banos, California.

Nevertheless, the FAC does not describe which Defendants are making an adverse claim against the property or the bases for those adverse claims. It appears that the FAC is implying

13

under this cause of action that there has been a non-judicial foreclosure sale.  However, the FAC does not expressly allege that a foreclosure sale has occurred, and no trustee's deed upon sale has been submitted.  Thus, further clarification about the bases for the adverse interests being claimed by each Defendant is required.

Furthermore, the FAC does not adequately allege that Gallegos is the rightful owner.  The RJN reflects that Gallegos is in arrears on her loan payments, and that 710 Cabernet Street is subject to a deed of trust.  Wells Fargo is the beneficiary under the deed of trust and stands in the shoes of the original lender, World Savings.  Without an offer to tender the amount owed to Wells Fargo, Gallegos cannot quiet title as against Wells Fargo.  See Kimball, 881 F.Supp.2d at 1220; Hamilton, 746 F.Supp.2d at 1177-78; Rosenfeld, 732 F.Supp.2d at 976.

Dismissal of this cause of action with leave to amend is appropriate.

### 8. Eighth & Ninth Causes of Action – Declaratory and Injunctive Relief

Wells Fargo argues that these causes of action seek a remedy and are dependent upon the other causes of action, which all fail.  In the absence of an opposition, the Court agrees with Wells Fargo.  Because these requests for relief are dependent upon the previous causes of action which have all been dismissed, the eighth and ninth causes of action also will be dismissed.  See Garcia v. Federal Home Loan Mortg. Corp., 2012 U.S. Dist. LEXIS 122436, *15-*16 (E.D. Cal. Aug. 28, 2012).

## MISNAMED DEFENDANT

The style of the case identifies "Mortgage Registration Systems, Inc." as a defendant.  However, the body of the FAC clarifies that "Mortgage Electronic Registration Systems, Inc." is the intended defendant.  The Court will order the Clerk to correct the docket to reflect that "Mortgage Electronic Registration Systems, Inc.", and not "Mortgage Registration Systems, Inc.", is the proper defendant in this case.

## NDEX West, LLC's MOTION TO DISMISS

Defendant NDEX West, LLC ("NDEX") filed a motion to dismiss.  From NDEX's

motion and request for judicial notice, it appears that NDEX was substituted as the trustee of the deed of trust by Wells Fargo in April 2010. See Doc. Nos. 8 at 1:21, 9 at Ex. A. Hearing on NDEX's motion is set for July 15, 2013. However, the Court has found that each of the FAC's causes of action are deficient. The Court detects no viable cause of action alleged against any defendant, including NDEX. Accordingly, the Court will dismiss the entirety of the FAC and deny NDEX's motion to dismiss as moot. If Gallegos files an amended complaint, NDEX will be able to challenge the sufficiency of the new allegations at that time.[7]

## CONCLUSION

Wells Fargo moves to dismiss each of the causes of action in the FAC.[8]

As to the first cause of action for misrepresentation, the RJN documents establish that Wells Fargo has the right to foreclose and to collect payments. Given the basis of the claim, there are no misrepresentations. This cause of action will be dismissed without leave to amend.

As to the second cause of action for fraudulent inducement, under California law, there is not duty for a bank to ensure that a borrower can repay the loan. Therefore, this cause of action will be dismissed without leave to amend.

As to the third cause of action for violation of the RFDCPA and the FDCPA, there are no allegations that any defendant is a debt collector and non-judicial foreclosure on a deed of trust is not "debt collection" activity. This cause of action will be dismissed without leave to amend.

As to the fourth cause of action for predatory lending, the UCL basis for this claim is preempted by HOLA. Also, the claims for rescission that are based on violations of TILA, HOEPA, and Regulation Z are absolutely time barred. Further, the claims based on violations of

---

[7] The Court further notes that the fourth cause of action appears to be dependent upon conduct that occurred at the loan origination, which likely would not to implicate NDEX or Mortgage Electronic Registration Systems ("MERS"). If Gallegos wishes to continue to pursue this cause of action against MERS and NDEX, the amended complaint must address what involvement NDEX and MERS had in the loan origination and disclosure process.

[8] Wells Fargo also argued that each of the state law causes of action should be dismissed due to HOLA preemption. Despite Wells Fargo's argument, it is not clear to the Court that each of the state law causes of action are in fact preempted by HOLA. Cf. Rhue v. Wells Fargo Home Mortg., 2012 U.S. Dist. LEXIS 188384, *9-*11 (C.D. Cal. Nov. 27, 2012) (finding certain state law claims, including breach of contract and quiet title, were not preempted by HOLA). However, because the Court has found that each of the state law claims fail independently of HOLA, the Court need not address HOLA preemption of the state law causes of action at this time.

1  TILA, HOEPA, and Regulation Z for monetary damages are barred by the 1 year limitations.
2  However, because it is not clear that amendment would be futile, dismissal of the damages claim
3  will be with leave to amend as discussed above.
4       As to the fifth cause of action for breach of contract, trust, and fiduciary relationship, the
5  FAC fails to allege the existence of a contract, fails to identify which specific provisions of a
6  contract were breached, and fails to allege facts that plausibly show special circumstances that
7  would give rise to a fiduciary relationship.  However, because it is not clear that amendment
8  would be futile, dismissal of this claim will be with leave to amend.
9       As to the sixth cause of action for violation of RICO, the FAC fails to allege facts that
10 plausibly support any of the required elements.  Because it is not clear that amendment would be
11 futile, dismissal of this claim will be with leave to amend.
12      As to the seventh cause of action for quiet title, the FAC does not adequately identify the
13 interests of the Defendants in 710 Cabernet Street or the bases for those interests.  Further, the
14 FAC does not include an offer to tender the amount owed under the loan.  Because it is not clear
15 that amendment would be futile, dismissal of this claim will be with leave to amend.
16      As to the eighth and ninth causes of action for declaratory and injunctive relief, those
17 requested remedies are derivative of the prior causes of action.  Because all other causes of action
18 fail, so too fail the requests for declaratory and injunctive relief.  Dismissal of these claims will
19 be with leave to amend.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Wells Fargo's Motion to dismiss is GRANTED as follows:

1. The first, second, and third causes of action are DISMISSED without leave to amend;
2. The fourth cause of action claims for violation of the UCL and for rescission under TILA, HOEPA, and Regulation Z is GRANTED are DISMISSED without leave to amend;
3. The fourth cause of action claims for monetary damages based on violation of TILA, HOEPA, and Regulation Z are DISMISSED with leave to amend;

4. The fifth, sixth, seventh, eighth, and ninth causes of action are DISMISSED with leave to amend;

5. The dismissals of these causes of action apply to all Defendants;

6. Plaintiff may file an amended complaint, that is consistent with the analyses of this order, within fourteen (14) days of service of this order;

7. If Plaintiff fails to file an amended complaint by the appropriate deadline, leave to amend will be withdrawn and the Court will close this case without further notice;

8. The Clerk shall change the docket and rename "Mortgage Registration Systems, Inc." as "Mortgage Electronic Registration Systems, Inc."; and

9. Defendant NDEX's motion to dismiss (Doc. No. 8) is DENIED as moot.

IT IS SO ORDERED.

Dated: \_\_\_\_June 18, 2013\_\_\_\_            _____
                                              SENIOR DISTRICT JUDGE